J. WESLEY HEATON, appellant,

*v.*

SILAS MERCHANT'S EXECUTORS, respondents.

A testator gave to J. "the amount of his indebtedness to me, which now amounts to $8,500." J. owed the testator individually $8,566.30, and, jointly with another person, $1,000, *Held*, that only the individual debt was given.

On appeal from a decree of the chancellor, based on the following opinion of Van Fleet, V. C.:

The thing given is a debt due by the legatee to the testator. At the time the will was executed, and also when the testator died, the legatee owed the testator two debts, one individually and the other jointly with another person. The principal of his individual debt was $8,566.30, and of the other $1,000. For the last the testator held a collateral. The language of the gift is as follows: "I give to J. W. H. the amount of his indebtedness to me, which now amounts to $8,500, and direct my executors to cancel said indebtedness." Are both debts given, or only that due by the legatee individually? I think only the last. Briefly stated, my reasons for this opinion are: 1. The amount of his individual debt approximates very closely to the sum given in the will as amount of the gift. 2. The will cannot be held to embrace the other debt, unless the testator's bounty is extended, by construction, to a person not mentioned in the words of gift. The debt is to be canceled. 3. The testator was under a written promise to surrender or re-assign the collateral he held for the joint debt. Had he intended to forgive this debt, I think it is reasonable to conclude that he would have given direction respecting the surrender of the collateral he held for it.

While I am not sure that my construction conforms exactly

36

to the intention of the testator, it seems to me to be the only one that can be adopted with a reasonable assurance that it is probably what he meant.

*Mr. John W. Taylor*, for appellant.

*Mr. John R. Emery*, for respondent.

PER CURIAM.

This decree unanimously affirmed for the reasons given in the foregoing opinion.